WEST INDIA OIL CO. (P. R.), Plaintiff and Appellant, *v.* RAFAEL BUSCAGLIA, TREASURER OF PUERTO RICO, Defendant and Appellee. .

No. 9709. Argued May 5, 1948.—Decided May 24, 1948.

*José Carbia Miranda* and *Miranda & Miranda Esteve* for appellant. *Luis Negrón Fernández, Attorney General,* and *J. C. Santiago Matos, Assistant Attorney General,* for appellee.

MR. JUSTICE SNYDER delivered the opinion of the Court.

The question here is whether the taxpayer is liable for the penalties and interest provided by § 77 of the Internal Revenue Act, as amended by Act No. 17, Laws of Puerto Rico, 1927, because it failed to pay from 1925 to 1940 the 2 per cent sales tax imposed by § 62 of the Act on sales of fuel oil for consumption on the high seas.

This problem as to penalties and interest did not arise until it was held after extensive litigation that the company was liable for the taxes as such. 54 P.R.R. 695; 108 F.(2) 144; 311 U.S. 20. After the latter issue was finally settled, in 1941 the Treasurer demanded payment of the taxes, which

were paid without dispute. But the Treasurer at the same time also demanded the payment of penalties and interest pursuant to § 77. These consisted of 10% of the tax, or $15,467.29, and 1% a month while the taxes were unpaid, or $105,971.12, making a total of $121,438.41. The taxpayer paid the latter sum under protest and sued in the district court for refund.

We have already passed on the principal question of law involved in this suit for refund of penalties and interest. In a previous appeal we held that the district court erred in striking from the complaint allegations that from 1925 to 1935 the Treasurer had ruled that § 62 did not apply to these sales; that no attempt was therefore made during that period to collect these taxes; and that the company filed a suit for a declaratory judgment for a determination of its liability for these taxes because of the new attitude of the Treasurer in 1935. *West India Oil Co.* v. *Buscaglia, Treas.*, 61 P.R.R. 755.

Our ruling in 61 P.R.R. 755 constitutes the law of the case. *Olmedo* v. *Rivera*, 65 P.R.R. 45; *United States* v. *Iriarte*, 166 F.(2) 800, (C.C.A. 1, March 11, 1948); *Ekberg* v. *United States*, 167 F.(2) 380, 384, footnote 4 (C.C.A. 1, March 25, 1948). Consequently, the only question which was before the district court on remand after our opinion in 61 P.R.R. 755 and which is now before us is whether the company proved the allegations of its complaint, including those which were erroneously stricken by the lower court.

After a trial on the merits, the district court found that from 1925 until December 31, 1929 Juan G. Gallardo was Treasurer of Puerto Rico; that he was of the opinion that § 62 did not cover the sales involved herein; and that it would therefore have been useless to tender the taxes to him as he would have ordered refund thereof. But, according to the lower court, "after that date it was not shown that certainty of refund existed." The district court was of the view that "It was incumbent upon the plaintiff corporation to

prove that it made a tender or that the new Treasurer, just as his predecessor, would have rejected the tender or offer of payment . . .". Finding that a tender of the taxes to Manuel V. Domenech, who succeeded Gallardo as Treasurer on January 2, 1930, would have been accepted, the lower court entered judgment ordering refund of the penalties and interest solely for the period from 1925 to December 31, 1929.

The only error assigned on appeal is the refusal of the district court to order refund of the penalties and interest collected from December 31, 1929 to August 30, 1935.

 The district court was mistaken as to the meaning of our opinion in 61 P.R.R. 755 and as to the effect of the administrative ruling of Treasurer Gallardo in 1925. We accept the finding of the district court that in 1925 the Treasurer had ruled, however informally, that these sales were not subject to the tax imposed by § 62. Indeed, the Treasurer does not challenge that finding here. But once we accept this finding as a premise, we cannot agree that the company was obliged by the change of Treasurers in 1929 to ascertain whether the Department had changed its position on this question by making a tender of the taxes to the new Treasurer. On the contrary, the taxpayer was entitled to assume that the views of the Treasury Department remained the same until they were changed and the taxpayer was advised thereof. It would be a novel and chaotic doctrine for us to hold that all regulations, rulings and opinions of the Treasury Department automatically terminate when a new Treasurer takes office. See *Pyramid Products Inc.* v. *Buscaglia, Treas.*, 64 P.R.R. 788; *Puerto Rico Ilustrado* v. *Buscaglia, Treas.*, 64 P.R.R. 870.

The record shows that in fact there was no change in the position of the Treasury Department of this matter until 1935. The correspondence between the parties demonstrates that on August 30, 1935 the Treasury Department changed its position and ruled that the plaintiff was liable for these taxes. After that date the latter was therefore no longer

entitled to rely on the previous informal ruling it had obtained from the Treasurer, insofar as liability for penalties and interest under § 77 was concerned.[1]

The judgment of the district court will be modified to provide for refund of penalties and interest collected from the effective date of the Internal Revenue Act of 1925 until August 30, 1935, and the case will be remanded for the appropriate calculations in accordance with this opinion.

Mr. Justice De Jesús did not participate herein.

---

[1] Cf. Act No. 57, Laws of Puerto Rico, 1940, where the Legislature, in remitting similar taxes for a different taxpayer, recited that the Treasury Department adhered to this interpretation from 1925 until 1938.